IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-1117-PAB-CBS

DENVER NUGGETS LIMITED PARTNERSHIP,

    Plaintiff,

v.

PENTACORP INC. AND
TIM F. JOHNSON,

    Defendants.

## STIPULATED PROTECTIVE ORDER

1. The parties, their attorneys and Authorized Persons shall be bound by this Protective Order.

2. For purposes of this Order, "Confidential Information" shall include bank account information, income tax returns, financial statements, income statements, balance sheets, project projections and analysis, revenue and income records, ticket sale records, event agreements and terms, client lists and information, and player medical records and reports which are produced to or obtained by the parties, their attorneys, or any other person or entity on their behalf pursuant to any deposition question, interrogatory, document request, subpoena duces tecum, release authorization, or disclosed under Fed. R. Civ. P. 26. Confidential Information includes any summaries, compilations, or copies, in whole or in part of Confidential Information.

3. The responding or producing party shall designate the interrogatory response, documents or material that the party believes should be subject to this Stipulated Protective Order by affixing on each document or material the following or other appropriate notice of confidentiality: "CONFIDENTIAL." All

designations shall be made in good faith by the designating party and made at the time of disclosure, production, or tender, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a producing party may so designate the information after such information has been produced, with the effect that such information is thereafter subject to the protections of this Stipulated Protective Order.

4. A party may object to the designation of particular information being designated as Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. The disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the motion.

5. If testimony concerning Confidential Information is elicited at a deposition, counsel for either party may request that a designated portion of the transcript be treated as Confidential Information. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription, provided written notice of such designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

6. Confidential Information shall be used for the sole, strict and limited purpose of the preparation and trial of this action, or appeal therefrom, and shall not be disclosed, shown or read to any

person except as provided herein. Confidential Information may be disclosed only to the following persons ("Authorized Persons"):

      a.      The parties and their respective attorneys, and the members, associates, employees, and contractors of that attorneys' law firm;

      b.      Independent experts retained by the parties' respective attorneys who assist in this litigation;

      c.      Court reporters and witnesses whose depositions are taken in this action and asked questions regarding Confidential Information, provided however, that if the witness is not a party or employed by a party and did not generate or receive Confidential Information, then the witness must first agree in writing to be bound by this Stipulated Protective Order; and

      d.      The Court and its personnel.

7.      All Authorized Persons receiving Confidential Information shall be bound by the provisions of this Protective Order. The attorney providing Authorized Persons with documents containing Confidential Information shall provide a copy of this Protective Order to each such Authorized Person.

8.      If in connection with any motion or other proceeding in this matter any party intends to offer into evidence, reference, or attach as exhibits to any pleading any evidence that would reveal or tend to reveal Confidential Information, such evidence shall be redacted to remove all Confidential Information that is not reasonably necessary for the Court to understand the purpose of the document as described in the pleading and to effect the reasonable purpose of the offering party in submitting the document.

9. When a party intends to file with the Court, or otherwise introduce into evidence, any documents, testimony, or any other material containing Confidential Information that cannot be redacted pursuant to Paragraph 8, above, counsel for the filing or offering party shall notify counsel for the Producing Party. The notification shall be made within a reasonable time, not less than two business days before filing, to give the Producing Party an opportunity to object to the disclosure and propose an acceptable alternative. The parties shall attempt to reach agreement on any redactions or other alternatives sufficient to satisfy the evidentiary objectives of the offering party without disclosure of Confidential Information.

10. Any Confidential Information filed with the Court shall be filed in a sealed envelope bearing the designation "Confidential: Subject to Protective Order."

11. Upon final termination of this action, whether by judgment, settlement or otherwise, the terms of this Protective Order shall continue in full force and effect in regard to the Confidential Information.

12. The Confidential Information shall be maintained in a secure manner by any individual or entity that possesses the Confidential Information, and destroyed upon conclusion of this litigation as follows:

    a. By the parties' respective attorneys in accordance with their retention/destruction policy unless a hold order from another court requires a longer retention period.

    b. Records retained by any agents or third parties, including but not limited to expert witnesses and insurance companies shall be destroyed in accordance with that party's regular business practices, hold orders issued by other courts, statutory requirements, or regulations.

13. The Confidential Information may be released pursuant to a Court order as long as the party that disclosed or produced the information in this action is provided ten (10) days written notice, or upon request by an Authorized Person in possession of an authorized release to disclose such Confidential Information from the party that disclosed or produced the information.

14. This Order may be enforced by an order of specific performance, as well as any claim for damages.

DATED at Denver, Colorado, this 20th day of January, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge